POLLY ALLEN et al. *v.* JNO. TROUTMAN.

Pleadings — Contract for Support — Assignment — Consideration — Specific Performance — Necessary Parties.

The assignment of the land is averred, but whether the consideration is paid neither appears from the petition nor the written assignment. To have a specific execution of a contract it is essential to aver the payment of the consideration, and as against minor heirs this is indispensable. The court erred in decreeing a title until the payment of the consideration had been averred and proved.

The administrator of Allen was a necessary party, as the right of action for the consideration, if unpaid, survived to him and he was an essential party to the determination of the question.

APPEALED FROM NELSON CIRCUIT COURT.

January 23, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

David Allen and his son William entered into a written contract, dated July 27, 1839, by which the father " gave and bequeathed " to his son his tract of land of 310½ acres and all his personal property save a horse and cow, in consideration that the son would support him during life and decently inter him at his death, the son to take immediate possession and control, with a condition that he was not to sell any of the property except for the use of the " two families," and the land " under no consideration " until the old man's decease.

Upon this paper there appears an assignment of the land by William Allen to John Troutman " for $250," dated December 17, 1843.

February 2, 1852, Troutman filed a petition against the nine minor children of William Allen and the other unknown heirs of David Allen, in which the death of both David and William Allen is averred, but which first died does not appear; whether any of the minor children of William Allen were under fourteen years of age does not appear.

The assignment of the land is averred, but whether the consideration was paid neither appears from the averments of the petition nor the written assignment filed.

To have a specific execution of the contract it was essential to aver the payment of the consideration, and as against minor heirs this is indispensable.

Had this essential averment been made it is questionable whether under the most liberal construction of the terms of the assignment it would have been sufficient evidence over the general traverse of the *guardian ad litem*.

But however this may be, the averment is not in, and it was error in the court to decree a title until the payment of the consideration had been averred and proved.

We cannot judicially know whether any of those minors were under fourteen years of age when the suit was brought, nor can we,

in the absence of any plea of limitations, determine that their right of appeal is barred. The administrator of Wm. Allen was not made a party, nor is it shown that there was none; if there was an administrator the right of action for the consideration, if unpaid, survived to him and he was an essential party to the determination of this question.

Wherefore, the judgment is reversed, with directions to the court to admit the parties to amend, should they offer to do so, in reasonable time, on pain of dismissing the suit, and for further proceedings in conformity herewith.